UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

---

Eric Martin #165780,

        Plaintiff,         Case No. 2:11-cv-16

v.         Honorable R. Allan Edgar

Jeremy Coppler, et al.,

        Defendants.

_____/

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Resident Unit Manager Delene, Warden Gary Capello, and MDOC Director Patricia Caruso. The Court will serve the complaint against Defendants Prison

Guards Jeremy Coppler, Jon Martti, Unknown Velmer, Paul Turner, Unknown Jacobson, Unknown Paoli, Unknown LaPlante, Unknown LaChance, and Unknown Coron[1].

## Discussion

I.    Factual allegations

Plaintiff Eric Martin #165780, an inmate at the Baraga Maximum Correctional Facility (AMF), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Resident Unit Manager Delene, Warden Gary Capello, and MDOC Director Patricia Caruso, as well as Prison Guards Jeremy Coppler, Jon Martti, Unknown Velmer, Paul Turner, Unknown Jacobson, Unknown Paoli, Unknown LaPlante, Unknown LaChance, and Unknown Coron.

In his complaint, Plaintiff alleges that on May 27, 2010, Defendants Hill, Coron, and Velmer conspired to deprive Plaintiff of his lunch tray. In addition, Plaintiff states that Defendants Hill and Coron threatened to kill Plaintiff. Plaintiff alleges that ever since this date, prison officials have been contaminating his meals with poison blood. Plaintiff believes that the blood contains the HIV virus or other deadly diseases and has seen droplets of blood on various food items.

On June 12, 2010, Defendant Velmer gave Plaintiff his lunch tray. Plaintiff inspected the meal and noticed a spot of blood on his green beans. On June 29, 2010, Defendant Martti told Plaintiff that he would poison Plaintiff's food, as well as "blind and kill" Plaintiff. Defendant Martti also refused to give Plaintiff his food on June 18, 2010, Defendants Coppler and Paoli gave Plaintiff his lunch tray. Plaintiff noticed poisoned blood on one of the kernels of corn. Plaintiff asserts that

---

[1] Although Plaintiff fails to list LaPlante, LaChance or Coron as Defendants under "parties," he names this Prison Guards as Defendants in the body of his complaint.

Defendants Turner and Jacobson were present in the unit, and failed to prevent Defendants Coppler and Paoli from poisoning the food.

On July 17, 2010, Defendant Coppler gave Plaintiff his lunch tray. Plaintiff inspected his meal and noticed a drop of poisoned blood on his green bean. On July 31, 2010, Defendant Velmer gave Plaintiff a meal with poisoned blood on the green beans. On July 29, 2010, Defendant LaPlante gave Plaintiff a meal with poisoned blood on one of his green beans, and that Defendants Coppler, LaChance, and Jacobson conspired with Defendant LaPlante. On October 2, 2010, Defendant Jacobson gave Plaintiff a meal which had poisoned blood on one of the green beans. On November 15, 2010, Defendant Martti was passing trays when he coughed all over the food. In addition, Defendant Martti coughed in his hand and attempted to serve Plaintiff his meal tray using his contaminated hand.

Plaintiff claims that he complained about the contamination of his food to Defendants Delene, Capello, and Caruso, but that they failed to take any corrective action. Plaintiff seeks compensatory and punitive damages, as well as equitable relief.

II.   Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough

facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 129 S. Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Ashcroft*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, ___ F.3d ___, 2010 WL 5288892, at *2 (6th Cir. Dec. 28, 2010 (holding that the *Twonbley/Ashcroft* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Liability under Section 1983 must be based on more than merely the right to control employees. *Polk Co. v. Dodson*, 454 U.S. 312, 325-26 (1981); *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978). Thus, Section 1983 liability cannot be premised upon mere allegations of *respondeat superior*. *Monell*, 436 U.S. at 691; *Polk*, 454 U.S. at 325. A party cannot be held liable under Section 1983 absent a showing that the party personally participated in, or

otherwise authorized, approved or knowingly acquiesced in, the allegedly unconstitutional conduct. *See e.g. Leach v. Shelby Co. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989), *cert. denied*, 495 U.S. 932 (1990); *Hays v. Jefferson*, 668 F.2d 869, 874 (6th Cir.), *cert. denied*, 459 U.S. 833 (1982). *See also Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir.), *cert. denied* 469 U.S. 845 (1984).

Supervisory officials can be held liable for the acts of their subordinates only if plaintiff establishes that the supervisor failed to appropriately discharge his supervisory duties, and that this failure resulted in a denial or deprivation of plaintiff's federal rights. *See e.g. Leach*, 891 F.2d at 1246; *Hayes v. Vessey*, 777 F.2d 1149, 1154 (6th Cir. 1985). However, the failure of a supervisor to supervise, control or train the offending employee is not actionable absent a showing that the official implicitly encouraged, authorized, approved or knowingly acquiesced in, or in some other way directly participated in, the offensive conduct. *Leach*, 891 F.2d at 1246. Such a claim requires, at a minimum, that the official had knowledge of the offending employee's conduct at a time when the conduct could be prevented, or that such conduct was otherwise foreseeable or predictable. *See e.g. Gibson v. Foltz*, 963 F.2d 851, 854 (6th Cir. 1992). In addition, plaintiff must show that defendant had some duty or authority to act. *See e.g. Birrell v. Brown*, 867 F.2d 956, 959 (6th Cir. 1989) (lower level official not liable for shortcomings of building); *Ghandi v. Police Dept. of City of Detroit*, 747 F.2d 338, 351 (6th Cir. 1984) (mere presence at the scene is insufficient grounds to impose Section 1983 liability in the absence of a duty to act); *accord Hall v. Shipley*, 932 F.2d 1147 (6th Cir. 1991). In addition, merely bringing a problem to the attention of a supervisory official is not sufficient to impose such liability. *See Shelly v. Johnson*, 684 F. Supp. 941, 946 (W.D. Mich. 1987) (Hillman, C.J.), *aff'd* 849 F.2d 228 (6th Cir. 1988). Finally, supervisory liability claims

cannot be based on simple negligence. *Leach*, 891 F.2d at 1246; *Weaver v. Toombs*, 756 F. Supp. 335, 337 (W.D. Mich. 1989), *aff'd* 915 F.2d 1574 (6th Cir. 1990).

Plaintiff has not alleged facts establishing that Defendants Delene, Capello, and Caruso were personally involved in the activity which forms the basis of his claim. The only roles Defendants Delene, Capello, and Caruso had in this action involve the denial of administrative grievances or the failure to act. Defendants Delene, Capello, and Caruso cannot be liable for such conduct under § 1983. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999), *cert. denied*, 530 U.S. 1264 (2000). Accordingly, the Court concludes that Plaintiff's claims against Defendants Delene, Capello, and Caruso are properly dismissed for lack of personal involvement.

## **Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Defendants Delene, Capello, and Caruso will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will serve the complaint against Defendants Prison Guards Jeremy Coppler, Jon Martti, Unknown Velmer, Paul Turner, Unknown Jacobson, Unknown Paoli, Unknown LaPlante, Unknown LaChance, and Unknown Coron.

An Order consistent with this Opinion will be entered.

Dated:     2/2/2011                             /s/ R. Allan Edgar
                                                R. Allan Edgar
                                                United States District Judge